UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIZABETH FERRIS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | Civil Action No. 1:23-cv-0481-RCL |

### RULE 26(f) MEET AND CONFER REPORT

On February 5, 2024, counsel for the Parties met via remote video conference to address the matters required by Fed. R. Civ. P. 26(f) and LCvR 16.3 and have conferred further by email. The Parties report as follows:

I.   **DISCOVERY PLAN**

**(A)  What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties propose that the deadline for initial disclosures be February 27, 2024.

**(B)  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

In light of the complexity of discovery, including the time to produce and review a substantial volume of body worn camera (BWC) footage from multiple incidents, and the Parties' proposal to meet and confer regarding ESI search parameters and processes, the Parties propose a fact discovery period of nine months with discovery and disclosures regarding any

expert witnesses to occur after the conclusion of the fact discovery period.

**(C)  Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties have discussed this topic and anticipate that such information will be produced in the electronic form in which it is maintained.  Plaintiffs have identified initial areas of electronically stored information (ESI) that they expect to be subject of their discovery requests including, but not limited to, BWC, emails, text messaging, Command Center logs, and running resumes and feeds.  The Parties agree to produce ESI either in native format rendered to TIFF images with a cross-reference load file or as text-searchable Adobe PDF files.  In the event metadata is desired by a receiving party but cannot be produced via these methods, the Parties will confer in good faith and attempt to resolve the issue on a case-by-case basis.  The Parties agree that they will establish parameters governing the search for electronic communications, including search terms, custodians, and time periods, and will establish a timetable for production of ESI that takes into consideration the volume of communications to be searched and the total number of responsive documents.  The Parties agree to produce materials as expeditiously as possible and on a rolling basis.  The Parties agree to meet and confer to agree on the search parameters and scope before any search is conducted in order to facilitate search and production and clarify if needed what the requesting party is seeking, however such conferral is not to be construed as a limitation on discovery as otherwise provided under the Federal Rules of Civil Procedure or a requirement for the responding Party to authorize or approve the requesting Party's discovery request.  Regarding BWC footage, the Parties similarly agree to confer in good faith regarding the scope of such materials to be reviewed and produced as well as a reasonable timetable for rolling productions. The District has previously collected and identified substantial

BWC and other information in the process of its use-of-force investigations related to the protests at issue in this matter.

**(D) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties intend to negotiate in good faith an agreement regarding the assertion of privileges, the manner in which the Parties intend to address disputes regarding privilege, and issues related to waiver, whether intentional or not, including inadvertent disclosure. The Defendants' position is that a protective order will be needed. The Parties will discuss whether they agree that a protective order is needed and if so, its scope.

**(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

In light of the fact that there are 13 named defendants, anticipated additional depositions of fact witnesses, records depositions, and likely Rule 30(b)(6) depositions of the District, Plaintiffs propose that there be an initial limit of 20 depositions per side. This assessment may change based on information provided in initial disclosures as to identified witnesses and other information that may come to light in discovery. Defendants agree to a limit of 20 depositions per side. Defendants will take under advisement any request by Plaintiffs to take more than 20 depositions. The Parties further agree to make reasonable efforts to coordinate the dates, times, and format of all depositions in advance of serving notices pursuant to Rule 30(b)(1), and Plaintiffs agree to provide 21 days' notice of any Rule 30(b)(6) depositions of the District to allow time for the Parties to confer in good faith and have candid exchanges about the purposes of the depositions and the District's information structure in order clarify and focus the matters for examination, and enable the District to designate and to prepare an appropriate witness or

witnesses. Otherwise, the Parties request no changes.

**(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

As discussed below, the Parties anticipate conferring to determine what information may be confidential and if needed preparing an appropriate protective order.

**II.     MATTERS TO BE DISCUSSED BY THE PARTIES UNDER LOCAL RULE 16.3**

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

The Defendants' Motion to Dismiss has already been adjudicated; the Parties anticipate the filing of dispositive motions after the conclusion of discovery.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The Parties propose that the deadline to join parties or amend the pleadings be set as 120 days from the issuance of the scheduling order.  At this time, the Parties have not identified areas of narrowing of the pending factual and legal issues.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The Parties do not request assignment to a magistrate judge.

**(4) Whether there is a realistic possibility of settling the case.**

The Parties do not believe that, at this early stage, there is a realistic possibility of settling the case.  Each side agrees to revisit the issue later in the proceedings.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The Parties do not believe that, at this early stage, ADR would be helpful.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The Defendants' Motion to Dismiss has already been adjudicated. The Parties propose that they submit a proposed briefing schedule for summary judgment motions within 15 days of the close of expert discovery.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The Parties propose that initial disclosures be made no later than February 27, 2024.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

In light of the complexity of discovery, including the time to produce and review a substantial volume of BWC footage from multiple incidents, and the Parties' proposal to meet and confer regarding ESI search parameters and processes, the Parties propose a fact discovery period of nine months. The Parties further propose that they submit a proposed schedule for expert discovery within 15 days of the close of fact discovery.

Plaintiffs' position is that that discovery may involve the production of confidential material. Defendants' position is that discovery will involve the production of confidential material and a protective order will be needed. The Parties will discuss whether a protective order is needed and, if so, its scope and submit a proposed protective order as soon as practicable.

**(9) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties have discussed this topic and anticipate that such information will be produced in the electronic form in which it is maintained.  Plaintiffs have identified initial areas of ESI that they expect to be subject of their discovery requests including, but not limited to, BWC, emails, text messaging and Command Center logs, running resumes and feeds.  The Parties agree to produce ESI either in native format rendered to TIFF images with a cross-reference load file or as text-searchable Adobe PDF files.  In the event metadata is desired by a receiving party but cannot be produced via these methods, the Parties will confer in good faith and attempt to resolve the issue on a case-by-case basis.  The Parties agree that they will establish parameters governing the search for electronic communications, including search terms, custodians, and time periods, and will establish a timetable for production of ESI that takes into consideration the volume of communications to be searched and the total number of responsive documents.  The Parties agree to produce materials as expeditiously as possible and on a rolling basis.  The Parties agree to meet and confer to agree on the search parameters and scope before any search is conducted, in order to facilitate search and production and clarify if needed what the requesting Party is seeking, however such conferral is not to be construed as a limitation on discovery as otherwise provided under the Federal Rules of Civil Procedure or a requirement for the responding Party to authorize or approve the requesting Party's discovery request.  Regarding BWC footage, the Parties similarly agree to confer in good faith regarding the scope of such materials to be reviewed and produced as well as a reasonable timetable for rolling productions.  The District has previously collected and identified substantial BWC and other information in the process of its use-of-force investigations related to the protests at issue in this matter.

**(10)    Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of**

**Evidence 502.**

The Parties have discussed this topic and do not request such order at this time concerning privilege. The Parties intend to negotiate in good faith an agreement regarding the assertion of privileges, the manner in which the Parties intend to address disputes regarding privilege, and issues related to waiver, whether intentional or not, including inadvertent disclosure. Defendants' position is that a protective order will be needed. The Parties will discuss whether a protective order is needed, and if so, its scope.

**(11) Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

The Parties propose that they submit a proposed schedule for expert discovery within 15 days of the close of fact discovery.

**(12) In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

N/A.

**(13) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The Parties do not request discovery proceed in phases and do not request any bifurcation. The Parties expect discovery and disclosure of expert witnesses to occur after the close of fact discovery.

**(14) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The Parties propose that the Court set the date of the pretrial conference after resolution of the Parties' motions for summary judgment.

**(15)  Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Parties propose that the trial date be set at the pretrial conference.

**(16)  Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The Parties do not have any such matters to present.

February 20, 2024                            Respectfully submitted,

/s/ Mara Verheyden-Hilliard
Mara Verheyden-Hilliard (Bar # 450031)
mvh@justiceonline.org

/s/ Carl Messineo
Carl Messineo (Bar # 450033)
cm@justiceonline.org

PARTNERSHIP FOR CIVIL JUSTICE FUND,
and its project, THE CENTER FOR PROTEST
LAW & LITIGATION
617 Florida Avenue, NW
Washington, D.C. 20001
(202) 232-1180

/s/ Michael Bruckheim
Michael Bruckheim (455192)
Bruckheim & Patel, LLC
401 East Jefferson Street
Suite 208
Rockville, MD 20850
(ph) 240-753-8222
(e-mail) michael@brucklaw.com

/s/ Sweta Patel
Sweta Patel (Bar # 103010)
Bruckheim & Patel, LLC
1100 H Street NW, Ste 830
Washington, D.C. 20005
(ph) 202-930-3464

(e-mail) Patel@brucklaw.com

*Counsel for Plaintiffs*

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Richard P. Sobiecki*
RICHARD P. SOBIECKI [500163]
HELEN M. RAVE [90003876]
MARCUS D. IRELAND [90005124]
Assistant Attorney General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 805-7512
Email: richard.sobiecki@dc.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELIZABETH FERRIS,** *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,** *et al.*,<br><br>Defendants. | Civil Action No. 1:23-cv-0481-RCL |

**PROPOSED SCHEDULING ORDER**

Upon consideration of the Parties' Rule 26(f) Meet and Confer Report, and the entire record, it is **ORDERED** that the Parties adhere to the following schedule:

| Event | Deadline |
|---|---|
| Initial Disclosures | February 27, 2024 |
| Deadline for Joinder and Amendment of Pleadings | 120 days from issuance of this order |
| Close of Fact Discovery | 9 months from issuance of this order |
| The Parties will meet and confer and propose a schedule for expert discovery and disclosure of expert witnesses. | 15 days after close of fact discovery |
| The Parties will meet and confer and propose a schedule for summary judgment motions. | 15 days after close of expert discovery |

**SO ORDERED.**

Dated: _____

THE HONORABLE ROYCE C. LAMBERTH
Judge, United States District Court
for the District of Columbia